E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1650-GHK (Ex) | Date | December 22, 2010 |
|---|---|---|---|
| Title | *Kenneth C. Mitchell v. American Servicing Company, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiff's Motion to Remand; [7],[8],[15],[32]

This matter is before the Court on Plaintiff Kenneth C. Mitchell's ("Plaintiff") Motion to Remand. Plaintiff brought suit in the Superior Court of California, County of Riverside, against Defendants American Servicing Company, Wells Fargo Home Mortgage, and Wells Fargo & Co. (collectively, "Defendants"). Defendants removed the action to federal court asserting diversity jurisdiction. Defendants explained that Wells Fargo Home Mortgage and American Servicing Company are citizens of South Dakota, which is not disputed. Defendants also explained that Wells Fargo & Co., although a citizen of California, is a sham defendant in this action because they are merely a holding company and have no involvement in the actions giving rise to this cause of action. Plaintiff challenges the allegation that Wells Fargo & Co. is a sham defendant. We have considered the papers filed in support of and in opposition to Plaintiff's Motion to Remand, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

### I. Legal standard for finding a sham defendant

There is an exception to the requirement of complete diversity in cases of fraudulent joinder. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A plaintiff cannot defeat diversity jurisdiction simply by joining a non-diverse defendant. *MacCabe,* 811 F.2d at 1339. In order to prove fraudulent joinder, a defendant must prove that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, according to the settled rules of the state." *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003) (citing *McCabe,* 811 F.2d at 1339).

Defendants must establish there is no possibility of recovery. *McCarty v. Johnson & Johnson*, No. 1:10-CV-00350 OWW-DLB, 2010 WL 2629913, at *4 (E.D. Cal. June 29, 2010). There is "a heavy burden on the defendant as fraudulent joinder must be proven by clear and convincing evidence and all disputed questions of fact and all ambiguities in the controlling law are to be resolved in the plaintiff's favor." *Leung v. Sumitomo Corp. of Am.,* No. 09-5825, 2010 U.S. Dist. LEXIS 29039, at *6

E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1650-GHK (Ex) | Date | December 22, 2010 |
|---|---|---|---|
| Title | *Kenneth C. Mitchell v. American Servicing Company, et al.* | | |

(N.D. Cal. Mar. 9, 2010) (internal citations and quotation marks omitted). The court may go outside the pleadings, and the defendant may present facts showing the joinder is fraudulent. *See Ritchy v. Upjohn Drug. Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

### II. Analysis

Plaintiff alleges that the other Defendants were acting as the agent of Wells Fargo & Co. For example, in his breach of contract claim, Plaintiff states: "Plaintiff is informed and herein alleges that at all relevant times ASC was acting as the agent for WFHM and WFC, ASC was acting with actual, express, and implied authority from WFHM and WFC, and ASC was empowered to enter into contracts on behalf of WFHM and WFC." (Complaint at 6).

Along with their Notice of Removal, Defendants submitted a declaration from Keith Jackson, Secretary of Wells Fargo, N.A., which states that Wells Fargo & Co. is merely a holding company and does not produce any goods or provide any services. The Declaration further states: "[Wells Fargo & Co.'s] only business and purpose is owning, directly and indirectly, shares and other interests in other corporations and business enterprises, and engaging in financial transactions with them." (Declaration of Keith Jackson).

Although Plaintiff does not at this time present any evidence supporting his theory, the burden is not on him to do so. The burden is on Defendants to show there is no possibility of recovery from Wells Fargo & Co., and they have not met this substantial burden. The question of Wells Fargo & Co.'s involvement and liability is ultimately a question of fact that cannot be resolved on the pleadings before us at this time. This is not a case in which a plaintiff's theory of recovery is specifically foreclosed by law. *See Corrales v. United Rentals, Inc*., No. CV 10-2520 GAF (Rcx), 2010 WL 2380875, at *3 (C.D. Cal. 2010). Plaintiff here presents a recoverable theory; the only question is Wells Fargo & Co.'s involvement, which cannot be resolved on the pleadings at this stage.

### III. Conclusion

Given that Defendants have not met their substantial burden of showing that Wells Fargo & Co. is a sham defendant, we find that diversity jurisdiction is not present in this case and, thus, **REMAND** the action to the state court from which it was removed. We also hereby **DENY** the pending motions to dismiss without prejudice for their refiling in state court.

**IT IS SO ORDERED**.

:

Bea